IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| BRANDON TRANSUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.3:09-cv-00315 |
| | ) | Judge Campbell/Brown |
| v. | ) | **Jury Demand** |
| | ) | |
| RICHARD CAFFREY and | ) | |
| CHASTAIN MONTGOMERY, | ) | |
| | ) | |
| Defendants. | ) | |


To:    The Honorable Todd J. Campbell


## REPORT AND RECOMMENDATION

On February 5, 2010, the Magistrate Judge issued a Report and Recommendation for

dismissal of Plaintiff's complaint without prejudice for failure to exhaust the grievance

procedure.  (Docket Entry 43).  Plaintiff then filed objections to the Report and

Recommendation, which included a grievance dated December 20, 2008, four days after the

alleged incident.  (Docket Entries 44, 46, 49).[1]  In light of these objections, Chief Judge

Campbell referred the matter back to the undersigned to consider the effect of Plaintiff's filings

on the previous decision.  (Docket Entry 52).  Defendants filed a Reply (Docket Entry 51) and,

in response to an Order, an additional response stating Plaintiff had not filed any grievances

---

[1] At least two of these objections were filed before Plaintiff received the Report and
Recommendation, but they were construed as objections by the Court.

1

within seven (7) days of the alleged incident. (Docket Entry 60). Plaintiff filed a Reply on April 9, 2010. (Docket Entries 64, 65). For the reasons stated below and set forth in the previous Report and Recommendation, the undersigned **RECOMMENDS** that the Defendants' motion to dismiss (Docket Entry 35) be **GRANTED** and that this action be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

The Magistrate Judge will not restate the facts of the case, as those have been fully outlined in the previous Report and Recommendation. (Docket Entry 43). Both parties have, however, provided additional facts in response to that Report and Recommendation. Plaintiff has submitted a grievance form dated December 20, 2008, which is within the seven-day period for grievance submissions for the alleged December 16, 2008 incident. (Docket Entry 46). Plaintiff alleges he filed this form on December 20, 2008. The grievance form was not stamped or signed by any prison officials. (Docket Entry 46, pp. 8-9).

In their response, Defendants state that their records show no grievances filed by Plaintiff within the seven-day period following December 16, 2008. (Docket Entry 60). They attach an affidavit from Corporal Dennis Davis, the Grievance Chairperson at Lois M. Deberry Special Needs Facility, as well as a printout of all Plaintiff's grievances filed from November 2008 through February 2010. Both indicate Plaintiff filed no valid grievances in December 2008.[2]

---

[2] The Magistrate Judge is concerned that there seem to be no records of grievances that were deemed inappropriate or invalid. Plaintiff filed a grievance related to the alleged incident on February 3, 2009, which was returned on February 4, 2009 as "inappropriate" because it was untimely and for an issue not covered by the grievance process. Defendants are very careful to note that Plaintiff did not file any "valid" grievances in December 2008, but they do not unequivocally state Plaintiff filed no grievances during the relevant period.

2

The Magistrate Judge finds it unnecessary to make a factual finding on this issue, however. In order to meet the exhaustion requirement in the Prison Litigation Reform Act ("PLRA"), Plaintiff must have exhausted all remedies available to him. *See* 42 U.S.C. § 1997e. Plaintiff does not argue that he appealed or otherwise pursued the grievance allegedly filed on December 20, 2008. Plaintiff cannot exhaust his administrative remedies by failing to appeal a negative ruling or by failing to pursue a grievance that has not been ruled on within the time limit. *See Owens v. Keeling*, 461 F.3d 763, 770 n.4 (6th Cir. 2006) (noting that a permissive appeal in the grievance process is "available" for purposes of the PLRA and is therefore required prior to filing suit); *Bell v. Campbell*, 43 F. App'x 841, 842 (6th Cir. 2002) (stating that "[i]f the time limit expires at any stage of the process without the required response, the grievant may move the grievance on to the next stage" and is required to do so in order to satisfy the exhaustion requirement of the PLRA).

Therefore, even taking the alleged facts in the light most favorable to Plaintiff and accepting he filed a timely grievance on December 20, 2008, Plaintiff has failed to satisfy the PLRA's exhaustion requirement. Assuming Plaintiff's grievance was not ruled on within the time limit provided for in Tennessee Department of Corrections ("TDOC") Policy No. 501.01 section VI(C), Plaintiff did not move the grievance to the next level, as he was permitted to do. *See* TDOC Policy No. 501.01 section VI(D). Alternatively, if Plaintiff received a negative ruling–or even a ruling that his grievance was inappropriate–Plaintiff was entitled to appeal the ruling and must do so to satisfy the PLRA exhaustion requirement. *See* TDOC Policy No. 501.01 section VI(C).

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED** without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 23rd day of April, 2010.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

4